UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE MARIE
DUDEK,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

        Defendant.
_____/

Case No. 2:17-cv-11045
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

### REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 16), DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 17), AFFIRM THE ALJ'S DECISION IN PART and REMAND THIS MATTER TO THE COMMISSIONER FOR FURTHER PROCEEDINGS

**I.     RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **GRANT** Plaintiff's motion for summary

judgment (DE 16), **DENY** Defendant's motion for summary judgment (DE 17),

**AFFIRM** the ALJ's decision in part, and **REMAND** this matter to the

Commissioner for action consistent with this report.

**II.    REPORT**

      Plaintiff, Danielle Marie Dudek, brings this action under 42 U.S.C. §§

405(g) and/or 1383(c)(3) for review of a final decision of the Commissioner of

Social Security ("Commissioner") denying her applications for disability income (DI) and supplemental security income (SSI) benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (DE 16), the Commissioner's cross-motion for summary judgment (DE 17), Plaintiff's reply (DE 18), and the administrative record (DE 12).

### A.   Background and Administrative History

This case has lengthy and convoluted procedural history. Plaintiff applied for DI and SSI benefits in 2008 and 2009. (R. at 450-464.) She alleged that her disability began on February 1, 2006 and August 1, 2006, at the age of 24. (R. at 450, 452, 458.) She listed several conditions (anxiety, depression, acid reflux, tendonitis, sublaxation of the cervicals, whip lash, allergies, atrophy from cortizone in wrist, pain in shoulders and neck, and headaches) that limit her ability to work. (R. at 530.) Her application(s) was(were) denied on May 27, 2009. (R. at 174.)

#### 1.   First hearing

Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (R. at 256-257.) ALJ Theodore W. Grippo held a hearing on March 24, 2010, at which Plaintiff and a vocational expert (VE), James Fuller, testified. (R. at 149-173.) ALJ Grippo issued an opinion on August 18, 2010, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 175-190.)

On June 25, 2012, the Appeals Council vacated the hearing decision and remanded the case to an ALJ for resolution of certain issues. (R. at 191-195.)

### 2. Second hearing

Plaintiff requested an in person hearing. (R. at 313.) Judge Grippo denied Plaintiff's "request for transfer for an in-person hearing . . ." as "being untimely and without showing good reason for the untimeliness." (R. at 314.) Plaintiff reiterated her request for an in-person hearing. (R. at 318-319; *see also* R. at 320-321, 345-349.)

ALJ Grippo held another hearing on February 7, 2013, at which Plaintiff's counsel, but not Plaintiff herself, was present, and at which Judy Panek, M.D. and VE Devin Lessne testified. (R. at 100-148.) ALJ Grippo issued an opinion on September 12, 2013, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 196-238.) Plaintiff requested review of this decision. (R. at 363.) On January 8, 2015, the Appeals Council vacated the hearing decision, because she had been denied the right to an in-person hearing after filing a timely objection to a notice of video hearing, and remanded the case for further proceedings. (R. at 239-242.)

### 3. Third hearing

ALJ Melody Paige held a hearing on February 2, 2016, at which two medical experts (Drs. Pollack and Wargel), and Plaintiff testified. (R. at 33-99.)

3

ALJ Paige issued a "partially favorable" opinion on March 17, 2016, ultimately concluding that Plaintiff was not disabled prior to February 9, 2015, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. (R. at 9-32.) Plaintiff submitted a brief dated June 19, 2016, which will be mentioned in further detail below. (R. at 4-5, 655-657.) On March 3, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1-5, 8.) Thus, ALJ Paige's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on April 3, 2017. (DE 1.)

### B. Plaintiff's Medical History

The administrative record contains approximately 335 pages of medical records, all of which was available to ALJ Paige at the time of her decision. (R. at 32, 658-992 [Exhibits 1F – 33F].) They will be discussed in detail, as necessary, below.

### C. The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. at 17.) At **Step 2**, the ALJ found that, since the alleged onset date of disability, February 1, 2006, the claimant has had the following severe impairments: fibromyalgia; chronic myofascial pain syndrome; periodic wrist tendinitis; generalized anxiety disorder;

4

dependent personality traits; obsessive-compulsive disorder; and affective disorder. (*Id*. at 17-18.) At **Step 3**, the ALJ found that, prior to February 9, 2015, the date the claimant became disabled, she did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id*. at 18-19.) Between **Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[1] and found that, prior to February 9, 2015, the date Plaintiff became disabled, Plaintiff had the RFC to perform light work, with additional exertional, postural manipulative, environmental, and mental health limitations. (*Id*. at 19-21.) At **Step 4**, the ALJ determined that Plaintiff has no past relevant work. (R. at 21.) At **Step 5**, the ALJ concluded that, prior to February 9, 2015, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (R. at 21-22.)

However, the ALJ also found that, beginning on February 9, 2015, the severity of the claimant's mental impairments had medically equaled the criteria of section 12.04, 12.06, and 12.08 of 20 CFR Part 404, Subpart P, Appendix 1. (R. at 22-23.) Therefore, the ALJ concluded that Plaintiff was not disabled prior to

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 239 (6th Cir. 2002).

5

February 9, 2015, but became disabled on that date and had continued to be disabled through the date of the decision. (R. at 24.)

### D.     Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

6

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E.  Analysis

Plaintiff sets forth two arguments:

1. The ALJ erred in adopting and incorporating the arguments, analysis and findings of ALJ Grippo, applying the standards of *res judicata* to a prior hearing decision that was in fact vacated, and thus legally null and void.

2. The ALJ erred in failing to weigh the Medical Expert opinion or other opinion evidence in the record.

(DE 16 at 3-4, 24-32.)

The Commissioner argues that the Court does not have jurisdiction to review ALJ Paige's compliance with the Appeals Council's January 8, 2015 remand order, although this argument misses the mark within the larger picture, for reasons explained below. (DE 17 at 3, 9-21.) The Commissioner does not cross-appeal from the ALJ's decision to partially award benefits from February 9, 2015 forward, based upon Plaintiff having established medical equivalency with various Listings, and so that finding will remain undisturbed here or on remand.

### 1. The AC's January 8, 2015 Remand Order

#### a. Jurisdiction

Preliminarily, the Commissioner argues that this Court "does not have jurisdiction to review the ALJ's compliance with the Appeals Council's remand order." (DE 17 at 9-12.) As this Court has previously concluded, "an ALJ's failure to comply with an order of the Appeals Council violates a claimant's right to receive fair process as embodied in the Commissioner's own administrative regulations." *Kaddo v. Comm'r of Soc. Sec.*, 238 F. Supp. 3d 939, 958 (E.D. Mich. 2017) (Berg, J., *adopting report and recommendation of* Patti, M.J.) "Thus, such a failure by the ALJ can constitute a reversible error in federal court—even if substantial evidence otherwise supports the Commissioner's final decision." *Kaddo*, 238 F.Supp.3d at 958.

8

The Commissioner acknowledges the decision in *Kaddo* but directs the Court's attention to:

(a) the Sixth Circuit's decision in *Duda v. Sec'y of Health & Human Servs.*, 834 F.2d 554, 555 (6th Cir. 1987) ("We agree with the district court that we do not have subject matter jurisdiction under 42 U.S.C. § 405(g) *to review the decision of the Appeals Council* because the remand order *was not a final decision* by the Secretary.") (emphases added);

(b) various other decisions from the Eastern District of Michigan, such as *Sharay v. Colvin*, No. 15-12531, 2016 WL 5539791, at *2 (E.D. Mich. Sept. 30, 2016) (Cohn, J.) ("The Court finds persuasive the reasoning of the decisions cited by the MJ and Commissioner and concludes it lacks the authority to decide if the ALJ failed to comply with the AC's remand instruction."); and,

(c) other courts within the Sixth Circuit, such as *Shope v. Comm'r of Soc. Sec.*, No. 2:14-CV-2055, 2015 WL 3823165, at *9 (S.D. Ohio June 19, 2015) ("The Appeals Council had an opportunity to review the administrative law judge's compliance with its directives, and it did not remand the matter a second time."), *report and recommendation adopted*, No. 2:14-CV-2055, 2015 WL 6155919 (S.D. Ohio Oct. 20, 2015).

(DE 17 at 9-12.)

The Court should decide the jurisdictional argument in Plaintiff's favor. First, to the extent the Commissioner relies upon *Duda*, the Court agrees with Plaintiff that she "is appealing a final decision of the Commissioner following the Appeals Council's denial of a Request for Review[.]" (DE 18 at 3 n.1.) Stated otherwise, Plaintiff is not appealing the AC's March 3, 2017 order. Instead she is appealing the ALJ's March 17, 2016, *which became final on March 3, 2017*.

9

Second, the Undersigned concludes here, in alignment with the published decision in *Kaddo*, that it has jurisdiction to review whether ALJ Paige complied with the January 8, 2015 remand order. *Kaddo*, 238 F.Supp.3d at 958; *see also Salvati v. Astrue*, No. 3:08-CV-494, 2010 WL 546490, at *4 (E.D. Tenn. Feb. 10, 2010) ("*The ALJ's failure* to follow a specific order from the Appeals Council was a clear procedural error that necessitates remand.") (emphasis added). *But see Sharay*, 2016 WL 5539791, at *2.

### b. Compliance

Alternatively, the Commissioner contends that she "complied with the instructions in the [AC's] remand order[,]" which vacated ALJ Grippo's September 12, 2013 decision and remanded the case "for further proceedings." (DE 17 at 12, R. at 240.) Specifically, the January 8, 2015 order directed that, on remand, the ALJ will:

- Afford the claimant an opportunity for an in-person hearing.

- If warranted, obtain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 404.1512-1513). The additional evidence may include, if warranted and available, a consultative examination and medical source statements about what the claimant can still do despite the impairment.

- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the

10

>> assessed limitations (20 CFR 404.1545 and Social Security Ruling 96-8p).

(R. at 240-241.) Fourth, the order stated: "[a]s this case was previously remanded to the same Administrative Law Judge, the Appeals Council directs that, upon remand, this case he assigned to another Administrative Law Judge." (R. at 241.) This last directive is significant, and, in the Undersigned's view, makes clear that a new review by a new ALJ was required, as opposed to a rubberstamping of the prior ALJ's findings and conclusions.

Plaintiff was present and testified at the ensuing February 2, 2016 hearing before ALJ Paige. (R. at 33-35, 83-97.) Therefore, the first and fourth of the above directives were met. Also, between the time of ALJ Grippo's September 12, 2013 decision and ALJ Paige's March 17, 2016 decision, an additional 11 exhibits of medical records were received into evidence. (*Compare* R. at 238 *with* R. at 32; *see also* R. at 800-992 [Exhibits 23F-33F].) Relatedly, the February 2, 2016 hearing included testimony from two medical experts – Dr. Pollack (via telephone) and Dr. Wargel. (R. at 33-35, 40-74, 74-83, 441; *see also* R. at 989-992.) Thus, it appears the second directive was met.

As to the third directive – giving further consideration to Plaintiff's maximum RFC and providing "appropriate rationale with specific references to evidence of record in support of the assessed limitations[,]" (R. at 241) – the Commissioner seems to contend that ALJ Paige did so within her RFC discussion

11

by considering "the evidence through February 2015," and explaining "why the evidence did not warrant a departure from ALJ Grippo's RFC finding[.]"  (DE 17 at 13, R. at 19-21.)  Although ALJ Paige cited several pieces of evidence submitted after ALJ Grippo's decision (*see*, *e.g.*, R. at 18, 20, 23; Ex.s 23F-33F) – it is questionable whether ALJ Paige provided "appropriate rationale" for the limitations she assessed.  Fortunately, the Court need not opine on whether ALJ Paige complied with the AC's third directive, because, for the reasons stated in the following section, ALJ Paige's hearing and resulting decision contain fundamental flaws that provide an independent basis for remand, and which render the hotly debated issues of jurisdiction to review and compliance with the remand order somewhat academic here.

### 2.     Due process and ALJ Paige's Hearing and Decision

Plaintiff argues that ALJ Paige "erred in adopting and incorporating the arguments, analysis and findings of ALJ Grippo," (DE 16 at 24), and I agree.  First, despite the fact that the AC *vacated* ALJ Grippo's September 12, 2013 hearing decision on January 8, 2015, it is referenced in multiple places within ALJ Paige's subsequent, March 17, 2016 decision.  (*See*, *e.g.*, R. at 14, 15, 19, 20, 21; R. at 196-238 [Ex. 4A].)  In fact, ALJ Paige *adopts and incorporates* ALJ Grippo's September 2013 decision by reference multiple times.  (R. at 15, 19-21.)  In ALJ's own words, the AC "did not request clarification or further consideration of any

12

substantive issues in the September 12, 2013, decision[.]" (R. at 15; *see also* R. at 21.) Vacate means "[t]o nullify or cancel; make void; invalidate[,]" as in "the court vacated the judgment[.]" Black's Law Dictionary (10th ed. 2014). As Plaintiff notes, "the additional findings [ALJ Paige] adopted were taken from a decision that was rendered legally null and void by the Appeals Council." (DE 16 at 29.) This hardly equates with an independent and meaningful review, and it looks suspiciously akin to rubberstamping a prior ALJ's null and void opinion.

Second, ALJ Paige's use of the phrase, "there is no new or material evidence pertaining to the previously adjudicated period . . . [,]" (R. at 15), suggests that she treated ALJ Grippo's September 12, 2013 decision as legally binding under the principles of *res judicata*. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) ("Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner.").

Third, ALJ Paige's adoption and incorporation of the ALJ Grippo's vacated decision "was harmful to Plaintiff." (DE 16 at 26.) While Plaintiff admits that the AC's January 8, 2015 remand order was not based on substantive issues, Plaintiff is correct that "the remand occurred because the entire [February 7, 2013] hearing of ALJ Grippo, upon which his [September 12, 2013] decision was based, was procedurally flawed . . . ." (*Id.*) The Undersigned agrees that "a denial of Due Process" is apparent here. (*Id.*) In other words, ALJ Paige should not have treated

13

Judge Grippo's September 12, 2013 findings and conclusions "as presumptively valid without further discussion or adjudication." (*Id.*) This is especially true where ALJ Grippo's September 12, 2013 decision:

(a) relied upon the February 7, 2013 testimony of Judy Panek, M.D., regarding whose testimony Plaintiff's counsel objected and whose questioning by Plaintiff's counsel was basically terminated by ALJ Grippo (*see* R. at 110-134; R. at 200-202, 210-213, 227, 230);

(b) at Step 5 relied upon the February 7, 2013 testimony of VE Lessne, whose questioning by Plaintiff's counsel was basically terminated by ALJ Grippo (R. at 134-145, 230-232); and,

(d) denied Plaintiff's request "for submission of the post-hearing evidence to the medical expert . . . ." (R. at 210-212).

Moreover, Plaintiff was not present on February 7, 2013 to testify "about the effect of her condition on her ability to work." (DE 16 at 27.)[2] While the Commissioner cites ALJ's Paige's consideration of the medical evidence within the RFC determination and contends that ALJ Paige "engaged in an independent review of the evidence[,]" the above listed observations make it difficult to believe that ALJ Paige "did not treat the prior decision as 'presumptively valid,'" at least in part. (DE 17 at 13-15, R. at 20-21.) This is especially so in light of ALJ Paige's

---

[2] The Commissioner's response that ALJ Paige was able to take Plaintiff's February 2, 2016 testimony into consideration when reaching the March 17, 2016 decision misses the point. Instead, Plaintiff is arguing that Plaintiff's absence at the February 7, 2013 hearing had an effect upon the testimony of the medical expert and or vocational expert. (DE 17 at 16, DE 16 at 27.)

14

statements that "the discussion of her physical impairments and resulting functionality remains unchanged from the prior decision[,]" "since the issuance of the prior decision, the claimant has not submitted any new or material evidence showing a change in the claimant's circumstances, conditions, or [RFC][,]" and the AC "did not request review or further consideration of any findings, conclusions or analysis contained in the September 2013 decision from ALJ Grippo." (R. at 20-21.) The AC should not have to do so where the decision in question is *vacated* on the basis of a fundamental procedural flaw. And, ALJ Paige's statements are disturbingly in sync with the type of *res judicata* application one typically sees under *Drummond*, which is clearly out of place when pointing back to an opinion that was vacated for a fault in its foundation.

Fourth, even if the Court assumed that ALJ Paige engaged in an independent review of the evidence, ALJ Paige's March 17, 2016 decision erroneously states that VE Cheryl Mosley appeared *and* testified at the February 2, 2016 hearing. (R. at 14.) However, while the February 2, 2016 hearing transcript identifies her as present, Mosley does not appear to have been sworn or to have offered any testimony. Therefore, ALJ Paige's March 17, 2016 Step 5 references to a vocational expert may well have been based upon *VE Lessne's February 7, 2013 testimony*. (R. at 21-22, 35.) But no one knows for sure, and it is not this Court's role to guess. If ALJ Paige relies on testimony which was never given, or which

15

was given in an invalidated, procedurally irregular hearing, reliance upon it would be highly prejudicial and undoubtedly harmful.[3]

Finally, a few words about the February 9, 2015 onset date assessed by ALJ Paige are appropriate. As Plaintiff made clear in her June 19, 2016 brief to the AC, she is "not appealing the award of benefits," rather, she is "asking that this Appeals Council review the onset date only." (R. at 4-5, 655.) Among other things, Plaintiff asserted that the February 9, 2015 date "appears arbitrary and lacks a clear basis in the record." (R. at 657.) Looking to ALJ Paige's decision, on at least two occasions within the RFC discussion, she referenced the period from March 2013 to "the established onset date in February 2015 . . . ." (R. at 20.) Likewise, the Commissioner points to the ALJ's observations within the subsequent Listings discussion about Plaintiff's treatment with therapist Keeler and Plaintiff's "part-time employment" before February 2015. (DE 17 at 17-18, R. at 22.) Frankly, it is not entirely clear to this reviewer how Plaintiff "became disabled on that date . . . ." (R. at 15.) Nonetheless, neither party having challenged the onset date from February 9, 2015 forward, in determining whether an *earlier* onset date should be assigned, on remand the ALJ should make clear what the basis for the onset date is, as explained in the concluding section below.

---

[3] Actually, this seems likely given that the potential jobs to which ALJ Paige refers – checker, addresser, and cutter/paster of press clippings – were mentioned by VE Lessne on February 7, 2013 and by ALJ Grippo on September 12, 2013. (*See* R. at 22, 137, 231.)

16

### 3. Opinion evidence

The administrative record contains the notes of Karen M. Keeler, LMSW, CSW, and James Wargel, Ph.D., the latter of whom testified at the February 2, 2016 hearing conducted by ALJ Paige. (R. at 74-83, 441, 697-699, 790-798, 799, 992.) Plaintiff argues that ALJ Paige "erred in failing to weigh the Medical Expert opinion or other opinion evidence in the record[,]" namely that of Wargel and Keeler. (DE 16 at 29-32.)

In response, the Commissioner argues that ALJ Paige "properly determined the onset of Plaintiff's disability." (DE 17 at 18-21.) Notwithstanding Plaintiff's reply to this argument (DE 18 at 5-6), if the Court agrees with the above conclusions, it need not address this additional statement of error.

### F. Conclusion

The Undersigned concludes that the Court has jurisdiction to review ALJ Paige's compliance with the AC's remand order and finds that ALJ Paige committed harmful error by failing to do so. *See Kaddo*, 238 F.Supp.3d at 958. However, even if the Court finds that it does not have jurisdiction to review whether ALJ Paige complied with the AC's remand order, or even if the Court concludes that ALJ Paige technically complied with the AC's order, independent reasons for remand exist, namely fundamental flaws in the February 2, 2016 hearing and/or the March 17, 2016 decision, as detailed above. For all of the

17

foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's motion for summary judgment (DE 16), **DENY** Defendant's motion for summary judgment (DE 17), and **REMAND** this matter to the Commissioner for action <u>consistent with this report</u>. On remand, the ALJ should, *inter alia*: (1) provide a fair, independent hearing and decision on the question of whether Plaintiff is entitled to DI and/or SSI disability benefits for the period between February 1, 2006 through February 8, 2015, which does not rely or refer back to ALJ Grippo's vacated September 12, 2013 opinion or the February 7, 2013 hearing to which Plaintiff successfully objected; (2) provide "appropriate rationale" for the limitations assessed; and, (3) clarify the basis for any earlier date on which the ALJ determines the disability to have commenced. Given the fact that Plaintiff has consistently not "appeal[ed] the award of benefits," but has rather only asked to "review the onset date only" (R. at 655), and given the fact that the Commissioner did not appeal the equivalency finding and award of benefits from February 9, 2015 forward, *this portion* of the ALJ's decision should be **AFFIRMED** as unchallenged and should not be revisited on remand, the pivotal question being limited to whether an *earlier* onset date has been established.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

18

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 24, 2018         s/*Anthony P. Patti*
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

19

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 24, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
